UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN DAWSON (#2010-0322194), | ) |
| Plaintiff, | ) Case No. 12 C 3005 |
| v. | ) Judge James B. Zagel |
| COOK COUNTY MUNICIPALITY, et al. | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Kevin Dawson (hereinafter, "Dawson" or "Plaintiff"), presently in custody at the Cook County Jail, has filed suit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C.S. § 12101 *et seq.* Plaintiff alleges deliberate indifference to a serious medical condition while incarcerated at the Jail. Presently pending before the Court are Defendants' motion for summary judgment (Doc. 37) and Plaintiff's motions in response (Docs. 45, 50, and 52). Plaintiff also filed a motion for attorney representation (Doc. 49). Defendants argue that Plaintiff has: (1) failed to exhaust his administrative remedies prior to filing suit as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a); (2) failed to establish a deliberate indifference claim; and (3) failed to establish an official capacity claim or to establish personal involvement of Defendants in any alleged constitutional violation; and (4) failed to establish a violation of the Americans with Disabilities Act. Defendants also argue that they are entitled to qualified immunity.

The record before the Court establishes that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Thus, for the reasons stated herein, Defendants' motion for summary judgment is granted. Plaintiff's motions are granted to the extent they seek to place

materials before the Court in response to the motion for summary judgment and denied for all other purposes. The Court considers the materials as described herein.

## STANDARD OF REVIEW AND LOCAL RULE 56.1 STATEMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2. This notice clearly set out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Calhoun's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Plaintiff submitted several responses to Defendants' motion for summary judgment, but did not submit a response to Defendants' L.R. 56.1 statement of facts. Local Rule 56.1(b)(3) requires a party opposing a motion for summary judgment to file:

> a concise response to the movant's statement that shall contain:
>
> (A)   a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B)   a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b)(3). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994). Despite being given this notice, Plaintiff failed to submit a response to Defendants' Rule 56.1 statement of facts with references to the record. Instead, Plaintiff submitted multiple motions in response to the motion for summary judgment, including documents and making argument. Consequently, Defendants' facts contained in their Rule 56.1 statement, to the extent that they are material and adequately supported by the record, are deemed admitted.

A motion for summary judgment "requires the responding party to come forward with the evidence that it has--it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted). If the moving party meets its burden of showing that there are no issues of material fact and that he or she is entitled to a judgment as a mater of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

Because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response to Defendants' motion, but only to the extent that they are adequately supported by reference to the record as required, or to the extent that Plaintiff could properly testify about the matters at trial – that is, only with respect to those facts within his personal knowledge. See Fed. R. Evid. 602.

**FACTS**

The following facts are taken from Defendants' Rule 56.1 statement, from the record attached to Defendants Rule 56.1 statement, and from Plaintiff's responses to Defendants' motion for summary judgment to the extent that the facts are within his personal knowledge.

Plaintiff was a pretrial detainee at the Cook County Department of Corrections ("CCDOC") during the relevant time period. (Defendants' L.R. 56.1 statements of fact ¶ 1). Plaintiff is a handicapped pretrial detainee confined to a wheelchair as a result of a gunshot wound to the spine. (*Id.* at ¶ 10).

On August 21, 2011, Plaintiff was transferred to Division 10 of CCDOC after he requested protective custody. (*Id.* at ¶ 16). If a detainee requests protective custody, it is CCDOC policy to act upon any request for protective custody subject to the safety, security and medical needs of the detainee. (*Id.* at ¶ 17). It is also protocol to inquire of the detainee every month to ask if he wants to sign out of protective custody as a well being check. *Id.* At no time did Plaintiff request to be out of protective custody. *Id.* In August 2011, the only location available for a wheelchair bound detainee who requested protective custody would be in Division 10, in an observation cell in administrative segregation. *Id.* The Plaintiff agreed to stay in Division 10 because he could not be around other inmates. *Id.*

Plaintiff was housed in segregation in an observation cell. (*Id.* at ¶ 18). The observation cell that Plaintiff was assigned to had a glass door and its own toilet and sink and was subject to twenty-four hour-a-day observation. *Id.* Plaintiff's wheelchair fit in the cell. *Id.* A plastic shower chair was provided for Plaintiff to take a shower. *Id.* Plaintiff was the only person in a wheelchair in Division 10 and the only one in protective custody. (*Id.* at ¶ 19).

The "Inmate Grievance Procedure" was available to all detainees in 2011 through 2012. (*Id.* at ¶ 29). Plaintiff is familiar with the CCDOC detainee grievance procedure. (*Id.* at ¶ 31). Plaintiff filed no grievances in August 2011. (*Id.* at ¶ 32). On September 27, 2011, Plaintiff filed a grievance dated September 13, 2011, with his Correctional Rehabilitation Worker ("CRW"). (*Id.* at ¶ 33). That grievance was given control number 2011 X 2352. Plaintiff

received the response to this grievance on October 21, 2011. *Id.* Plaintiff did not appeal this grievance. *Id.*

On October 21, 2011, Plaintiff filed a grievance dated October 18, 2011, with his CRW. (*Id.* at ¶ 34). The grievance was given control number 2011 X 2488. *Id.* Plaintiff received the response to this grievance on November 10, 2011. Plaintiff did not appeal this grievance. *Id.*

On November 4, 2011, Plaintiff filed a grievance dated October 31, 2011, with his CRW. (*Id.* at ¶ 35). The grievance was given control number 2011 X 2611. *Id.* Plaintiff received the response to this grievance on November 30, 2011. *Id.* Plaintiff did not appeal this grievance. *Id.*

On November 4, 2011, Plaintiff filed a grievance dated October 31, 2011, with his CRW. (*Id.* at ¶ 36). The grievance was given control number 2011 X 2612. *Id.* Plaintiff received the response to this grievance on November 17, 2011. *Id.* Plaintiff did not appeal the grievance. *Id.*

On November 18, 2011, Plaintiff filed a grievance dated November 15, 2011, with his CRW. (*Id.* at ¶ 37). The grievance was given control number 2011 X 2862. *Id.* Plaintiff received the response to this grievance on December 14, 2011. *Id.* Plaintiff did not appeal the grievance. *Id.*

On December 21, 2011, Plaintiff filed a grievance dated December 12, 2011, with his CRW. (*Id.* at ¶ 41). The grievance was given control number 2011 X 3999. *Id.* It pertained to not being let out of his cell. *Id.* It also contained complaints about not being allowed to shower before going to court, talking to his attorney for more than five minutes, and a litany of other complaints including a statement on the third page of the three page grievance that he was unable to turn around in his cell in order to clean it because of his wheelchair. *Id.* It was referred to the Division 10 Superintendent. *Id.* Plaintiff received the response to this grievance on January 24,

2012. *Id.* The response provided reads, "Inmate is housed in 1A due to being placed in administrative segregation." *Id.* Plaintiff has provided a copy of the grievance to the Court that contains a completed appeal for this grievance. (Doc. 51 p. 3).

On January 4, 2012, Plaintiff filed a grievance dated January 4, 2012, with his CRW. (Defendants' L.R. 56.1 statements of fact ¶ 42). The grievance was given control number 2012 X 0202. *Id.* Plaintiff received the response to this grievance on January 25, 2012. *Id.* Plaintiff never appealed the grievance. *Id.*

On January 11, 2012, Plaintiff filed a grievance dated January 10, 2012, with his CRW. (*Id.* at ¶ 43). The grievance was given control number 2012 X 0598. *Id.* It pertained to medical treatment and was referred to Cermak. *Id.* Plaintiff received the response to this grievance on March 26, 2012. *Id.* Plaintiff did not appeal the grievance. *Id.*

On January 12, 2012, Plaintiff filed a grievance dated January 12, 2012, with his CRW. (*Id.* at ¶ 44). The grievance was given control number 2012 X 0604. *Id.* Plaintiff received the response to this grievance on March 8, 2012. *Id.* Plaintiff did not appeal the grievance. *Id.*

On January 20, 2012, Plaintiff filed a grievance dated January 18, 2012, with his CRW. (*Id.* at ¶ 45). The grievance was given control number 2012 X 0890. *Id.* Plaintiff received the response to this grievance on February 2, 2012. *Id.* Plaintiff did not appeal the grievance. *Id.*

On February 2, 2012, Plaintiff filed a grievance dated February 2, 2012, with his CRW. (*Id.* at ¶ 47). The grievance was given control number 2012 X 1464. *Id.* Plaintiff received the response to this grievance on March 9, 2012. *Id.* Plaintiff did not appeal the grievance. *Id.*

On February 27, 2012, Plaintiff filed a grievance dated February 19, 2012, with his CRW. (*Id.* at ¶ 48). The grievance was given control number 2012 X 2732. *Id.* Plaintiff received the response to this grievance on March 26, 2012. *Id.* Plaintiff did not appeal the grievance. *Id.*

Plaintiff did not appeal any grievance related to the claims made in the complaint in this case, prior to filing suit. (*Id.* at ¶ 49). Plaintiff did submit a grievance to the Court in his responsive materials that involved allegations of excessive force, and on which the date of appeal was February 6, 2013, almost a year after he filed suit. (Doc. 45, p. 36).

## ANALYSIS

Defendants argue that they are entitled to summary judgment for multiple reasons, including that Plaintiff failed to fully exhaust his administrative remedies.

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State [or, in this case, county] with respect to the form and timeliness of grievances. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

8

To exhaust remedies under § 1997e(a), a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

In the present case, the record reflects that the grievance process was available to Plaintiff and that he was aware of it. Plaintiff filed no fewer than twelve grievances during the relevant time period. The record reflects that Plaintiff did not appeal eleven of the twelve grievances. The only grievance that Plaintiff arguably exhausted (there is a discrepancy in the record as to whether the grievance was fully grieved based upon different copies of the appeal page of the grievance, one supplied by Defendants without the appeal portion completed, and one supplied by Plaintiff with the appeal portion completed), does not involve Plaintiff's claims in this suit.

Plaintiff's response to the motion for summary judgment centers around grievance 2011 x 3999. However, the substance of the grievance involves not being allowed to shower prior to going to court, not being allowed enough time on the phone with his lawyer, not taking him to the dispensary to change the dressing on his wound. On the third page of the three page grievance, Plaintiff also complains of not being able to clean his cell because it is difficult to turn around in the cell while in his wheelchair.

Plaintiff's claims in this case are for deliberate indifference to his needs as a wheelchair bound inmate, and non-compliance with the Americans with Disabilities Act in failing to accommodate his needs as a disabled person. However, the claims in this case center around the allegations that there are no safety bars in his cell or in the showers, and problems with wheelchair accessibility of his bed, toilets, and showers. Plaintiff alleges he fell in the shower

9

and injured his leg due to no safety bars and a faulty shower chair. None of those issues are raised in his grievance.

The complaint does not mention conditions of confinement related to the cleanliness of Plaintiff's cell, or any need for accommodation Plaintiff might have in trying to clean his cell. Accordingly, the Court finds that although Plaintiff exhausted this one grievance, it did not adequately place Defendants on notice of the claims raised in his complaint. Plaintiff does raise one other grievance that he insists he fully exhausted, grievance 2013 x 0229, that by its very designation could not have been submitted until after Plaintiff filed suit in this case. Based on the record before the Court, the one grievance that Plaintiff may have appealed prior to filing suit did not sufficiently allege the claims ultimately raised in Plaintiff's complaint, such that jail personnel would have an opportunity to address those complaints prior to Plaintiff filing suit. *See Porter v. Nussle,* 534 U.S. at 524-25. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment." *Perez v. Wisconsin Dep't. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added); *see also Ford,* 362 F.3d at 398.

As the evidence is clear that Plaintiff failed to fully exhaust his administrative remedies prior to filing suit, judgment is granted to Defendants. The Court grants Defendants judgment because Plaintiff failed to exhaust his administrative remedies prior to filing suit; accordingly it declines to address Plaintiff's substantive claims. Furthermore, because it is now too late for Plaintiff to avail himself of grievance procedures, dismissal is with prejudice. *See, e.g., Pozo,* 286 F.3d at 1023-24; *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002); *Hope v. Velasco,* No. 01 C 1574, 2004 WL 417198, *4 (N.D. Ill. Feb. 23, 2004) (Hibbler, J.).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Doc. 37) is granted. Plaintiff's motions (Docs. 45, 50, and 52) are granted. The Clerk is directed to enter judgment in favor of the Defendants pursuant to Fed. R. Civ. P. 56. The case is terminated. Plaintiff's motion for attorney representation (Doc. 49) is denied as unnecessary. The motion was decided on the issue of exhaustion and not on the substance of the claims. Accordingly, no attorney representation was required as Plaintiff was adequately able to defend a motion brought on the basis of failure to exhaust administrative remedies. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); (*citing Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

Dated: _March 3, 2014

James B. Zagel
United States District Court Judge